IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER V. LANGONE, individually and | ) |
| On behalf of a class of others similarly situated | ) |
| | ) |
| v. | ) |
| | ) |
| PAUL WEISS, FREED AND WEISS, LLC.. BRIAN | ) |
| STRANGE, STRANGE & CARPENTER, JAMES | ) |
| CECCHI, CARELLA, BYRNE CECCI, OLSTEIN, BRODY | ) |
| & ANGELO, ROBERT EVOLA, LAKIN CHAPMAN, LLC | ) |
| PHILIP BOCK, BOCK & HATCH, | ) |

**CLASS ACTION COMPLAINT FOR DECLARATORY AND OTHER RELIEF**

1. Plaintiff, Chris Langone ("Langone"), is an attorney licensed to practice law in Illiinois. Langone is domiciled in the State of New York and Is a citizen of New York.

2. Defendant Paul Weiss ("Weiss") is a citizen of the state of Illinois.

3. Defendant Freed & Weiss, LLC ("Freed and Weiss") s a citizen of the state of Illinois.

4. Brian Strange ("Strange") is a citizen of the State of California.

5. Strange and Carpenter ("Strange and Carpenter") is California law firm, and a citizen of the state of California.

6. James Cecchi ("Cecchi") is a citizen of the State of New Jersey.

7. The law firm of Byrne Cecci Olstein Brody & Algelo ("Byrne Cecci") is a citizen of the state of New Jersey.

8. Robert Evola ("Evola") is a citizen of the state of Illinois.

9. The law firm of Lakin Chapman, LLC ("Lakin") is a citizen of the State of Illinois.

10. Phil Bock ("Bock") is a citizen of the state of Illinois.

11. The law firm of Bock and Hatch ("Bock & Hatch") is a citizen of the State of Illinois.

12. All of the Plaintiffs are diverse in citizenship from all of the Defendants, thus there is complete diversity of citizenship between the parties.

13. This court has diversity jurisdiction under 28 U.S.C. 1332(a) because the parties are citizens of different states and the matter in controversy exceeds $75,000.

14. Venue is proper in this district under 28 U.S.C. 1391(a) (1) and (2) because Defendants Weiss, Freed & Weiss, LLC, reside within this judicial district, all defendants can be found in this district and a substantial part of the events that give rise to this claim occurred in this district. Langone paid the disputed ETF in Illinois from Illinois funds. The *Kinkel* case was brought in Illinois. The majority of Defendants are Illinois citizens.

15. Defendants Weiss, Freed & Weiss, Evola, Lakin, Bock and Bock and Hatch were involve in litigating the case of *Kinkel v. Cingular Wireless, LLC*, American Arbitration Association, 11 494 02646 06 on a class wide basis in arbitration after successfully convincing the Illinois Supreme Court in *Kinkel v. Cingular Wireless, LLC*, 223 Ill. 2d 1 (Ill 2006) to prohibit the ban on class arbitration as unconscionable.

16. In October 2007, Arbitrator David Love ruled Kinkel could proceed in arbitration on a class basis. http://www.adr.org/si.asp?id=5046

17. The following month, in November 2007, Defendant Weiss, along with Defendants Cecchi and Byren Cecci filed a case in the United States District Court for the District if New Jersey, captioned *Hall and Larson* et. al. v. AT&T Mobility, et al. 07-5325.

18. On June 10, 2007, after the deadline to opt out had passed on 07-5325 Langone learned that Defendants have conspired, in an effort to get each other paid millions of dollars in attorneys fees, to enter into an illegal, unethical and unenforceable agreement to split a claimed attorneys fee in the amount of $6,000,000.

19. Even though Bock, Bock& Hatch, Lakin and Evola were never certified as class counsel in *Hall*, 07-5325 and have not submitted to the jurisdiction of that Court. And even

though Weiss and Freed & Weiss have breached their ethical and fiduciary duties to the *Kinkel* class to file a competing case (with their own claims), these firms have entered into a fee split agreement where class counsel in 07-5325 have promised to split a portion of the $6,000,000 with Weiss, Freed & Weiss, Bock, Bock & Hatch, Lakin & Evola in consideration of their abandoning their claims in *Kinkel* and not contesting the inadequacy of the *Hall* proposed settlement

20. The Hall settlement purports to create a common fund for the benefit of AT&T customers who paid or were charged early termination fees in violation of the consumer fraud laws of the 50 states and the principle of contract law that liquidated damages clauses that are penalties are void and unenforceable. Nonetheless, Defendants Carpenter & Strange are seeking that have a 1/3 of that fund used to pay lawyers in unrelated cases.

21. Rule 1.5(e) of the Rules of Professional Conduct provide: A division of a fee between lawyers who are not in the same firm may be made only if: (1) the division is in proportion to the services performed by each lawyer or each lawyer assumes joint responsibility for the representation; (2) the client agrees to the arrangement, including the share each lawyer will receive, and the agreement is confirmed in writing; and (3) the total fee is reasonable.

22. The agreement to split the $6,000,000 in fees in the manner proposed by Defendants violates Rule 1.5 of the Rules of Professional Conduct and is void *ab initio* and any fees recovered are subject to disgorgement.

23. Langone and the class have a right to a jury determination, as well as a determination on the issue of whether putative class counsel have breached their duty to Langone and the Class. *Fischer Imaging Corp. v. Gen. Elec. Co*., 187 F.3d 1165, 1171 (10th Cir. 1999)

(finding **a** Seventh Amendment right to a jury trial in a declaratory judgment action, in which the plaintiff had not yet suffered injury, because, "absent declaratory judgment procedures," the plaintiff's claim would have "come to the court" in a suit on the contract); *Am. Safety Equip. Corp. v. J.P. Maguire & Co.*, 391 F.2d 821, 824 (2d Cir. 1968) (to assess Seventh Amendment claim "courts have looked to the basic nature of the suit in which the issues involved would have arisen if Congress had not created the Declaratory Judgment Act").

24. Defendant Strange and Strange and Carpenter have also violated their duty of representation of Langone by refusing to reasonably communicate with him and other class members about the scope of the representation, making false statements in pleadings, and violating agreements made in the AT&T settlement agreement, including dates by which they were to file fee records and not setting up procedures by which class members can make inquires.

25. "[T]he requirement under CAFA that the amount in controversy exceed $ 5 million in the aggregate may be established 'either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief).'" Rippee, 408 F.Supp.2d at 984 (quoting S. Comm. on the Judiciary, Class Action Fairness Act of 2005, S.Rep. No. 109-14, at 40 (Feb. 28, 2005)Molina v. Lexmark Int'l, Inc., 2008 U.S. Dist. LEXIS 83014 (C.D. Cal. Sept. 30, 2008)

26. Langone seeks a declaration that the proposed fee split agreement to split the $6,000,000 fee violates Rule 1.5(e) of the Rules of Professional conduct, that Defendants have engaged in a conspiracy to enrich themselves at the expense of class members and that

the fee should be forfeited to Langone, individually and on behalf of all other class

members similarly situated.

27. There exists an actual controversy between Langone and Defendants over the

enforceability and legitimacy of the fee split agreement.

28. Pursuant to 28 U.S.C. 2201 this Court may declare the relations of any interested party

seeking such declaration whether or not further relief is or could be sought.

29. Langone is an interested party who seeks a declaration pursuant to Rule of Professional

Conduct 1.5(e).

30. Thus, jurisdiction is also appropriate in this Court pursuant to 28 U.S.C. 1332(d). This is

a class action involving more than 100 class members. At least one class member is a

citizen of a State different from Defendants and the amount in controversy, in the

aggregate exceeds the sum of $5,000,000 exclusive of interest and costs.

31. Class certification is appropriate under FRCP 23(b)(2).

WHEREFORE, Langone seeks a declaration that the agreement to split the $6,000,000 fee

violates Rule 1.5(e), is void and all fees should be disgorged to the class,

/s/ Christopher V. Langone
Chris Langone
207 Texas Lane
Ithaca, NY 1485